IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| GREGORY B. ADAMS SR., <br><br> Plaintiff, <br><br> vs. <br><br> STATE OF NEBRASKA, CITY OF LINCOLN, LINCOLN POLICE DEPARTMENT, LANCASTER COUNTY COURT, and CITY OF LINCOLN CITY ATTORNEY'S, <br><br> Defendants. | 4:19CV3083 <br><br><br> **MEMORANDUM AND ORDER** |

This matter is before the court for an initial review of Plaintiff's pro se, in forma pauperis Complaint (Filing 1) to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e)(2).

## I. SUMMARY OF COMPLAINT

Plaintiff complains of two separate incidents involving the Lincoln Police Department. First, Plaintiff alleges he was detained, assaulted, and searched without a warrant or probable cause on April 9, 2019, when he was a passenger in a motor vehicle. Second, Plaintiff alleges he was unlawfully arrested for trespassing in an apartment on November 5, 2018, and was wrongfully convicted on January 18, 2019.

## II. LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e). The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that

seeks monetary relief from a defendant who is immune from such relief. *28* U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Id.*, at 849 (internal quotation marks and citations omitted).

### III. DISCUSSION OF CLAIMS

Liberally construing Plaintiff's Complaint, this is a civil rights action brought pursuant to 42 U.S.C. § 1983.[1] To state a claim under § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute, and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

The Lincoln Police Department and Lincoln City Attorney's Office are simply departments of the City of Lincoln, and cannot be sued in their own names. *See Meyer v. Lincoln Police Dep't*, 347 F. Supp. 2d 706, 707 (D. Neb. 2004) (LPD, as an agency of the City of Lincoln, has no separate legal status under Nebraska law); *Cambara v. Schlote*, No. 8:14-CV-260, 2015 WL 5775766, at *3 (D. Neb. Sept. 30,

---

[1] Plaintiff has checked a box on the Complaint indicating this is a *Bivens* action, but there are no federal defendants.

2015) (county attorney's office and city police department are not independent legal entities subject to suit).

The State of Nebraska is not a "person" under § 1983 and is immune from suit for damages in federal court under the Eleventh Amendment. *Webb v. Nebraska*, No. 8:19CV416, 2019 WL 5684393, at *4, 11 (D. Neb. Nov. 1, 2019). The Lancaster County Court is a state instrumentality. *See York v. Dunning*, No. 8:16-CV-175, 2016 WL 3983261, at *3 (D. Neb. July 25, 2016; Neb. Rev. Stat. §§ 24-501 *et seq.* As such, Plaintiff's claims for damages against the County Court also necessarily fail because it is protected by state immunity under the Eleventh Amendment and is not a "person" within the meaning of § 1983. *Robinson v. Lincoln Cty. Court*, No. 8:18CV85, 2018 WL 4639163, at *2 (D. Neb. Sept. 27, 2018) (citing *Harris v. Missouri Ct. of App.*, 787 F.2d 427, 429 (8th Cir. 1986)).

This leaves only the City of Lincoln as a Defendant. In *Monell v. Department of Social Services*, 436 U.S. 658 (1978), the Supreme Court held that a municipality (or other local government unit) can be liable under § 1983 if an "action pursuant to official municipal policy of some nature caused a constitutional tort." *Id.* at 691. "To establish municipal liability, a plaintiff must first show that one of the municipality's officers violated her federal right." *Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010) (citing *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986) (per curiam); *Sanders v. City of Minneapolis*, 474 F.3d 523, 527 (8th Cir. 2007)). "If that element is satisfied, then a plaintiff must establish the requisite degree of fault on the part of the municipality and a causal link between municipal policy and the alleged violation." *Id.* (citing *City of Canton v. Harris*, 489 U.S. 378, 388-92 (1989)).

To prevail on a claim alleged against the City of Lincoln, Plaintiff must show that the constitutional violation resulted from (1) an official "policy," (2) an unofficial "custom," or (3) a deliberately indifferent failure to train or supervise. *Corwin v. City of Independence*, 829 F.3d 695, 699 (8th Cir. 2016). "Official policy involves 'a deliberate choice to follow a course of action ... made from among various alternatives' by an official who has the final authority to establish governmental policy." *Jane Doe A By & Through Jane Doe B v. Special Sch. Dist. of St. Louis Cty.*, 901 F.2d 642, 645 (8th Cir. 1990) (quoting *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986)). "Alternatively, a plaintiff may establish

municipal liability through an unofficial custom of the municipality by demonstrating '(1) the existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees; (2) deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and (3) that plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was a moving force behind the constitutional violation.'" *Malone v. Hinman*, 847 F.3d 949, 955 (8th Cir. 2017) (quoting *Corwin*, 829 F.3d at 699-700). A municipal liability claim based on a theory of inadequate training or supervision is simply an extension of a claim based on a "policy" or "custom" theory of municipal liability. *Marsh v. Phelps Cty.*, 902 F.3d 745, 751 (8th Cir. 2018).

Plaintiff's Complaint does not contain any facts from which it might reasonably be inferred that the City of Lincoln is liable for his alleged injuries. "At a minimum, a complaint must allege facts which would support the existence of an unconstitutional policy or custom." *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 591 (8th Cir. 2004) (quoting *Doe ex rel. Doe v. Sch. Dist. of City of Norfolk*, 340 F.3d 605, 614 (8th Cir. 2003)). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal,* 556 U.S. at 679.

Finally, regarding Plaintiff's claim that he was innocent of trespassing, the Supreme Court has held that where a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction, a cause of action has not accrued unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated by a state court or called into question by a federal habeas court. *See Heck v. Humphrey*, 512 U.S. 477 (1994). It is also highly likely that any claim asserted against the prosecutor or presiding judge would be subject to dismissal based on absolute immunity. *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991) (judges are absolutely immune from suits for damages arising from acts, whether or not erroneous, in their judicial capacities, as long as such actions were not taken in the complete absence of all jurisdiction); *Brodnicki v. City of Omaha*, 75 F.3d 1261, 1266 (8th Cir. 1996) ("Absolute immunity covers prosecutorial functions such as the initiation and pursuit of a criminal prosecution, the presentation of the state's case at trial, and other conduct that is intimately associated with the judicial process.").

## IV. CONCLUSION

Plaintiff's Complaint fails to state a claim upon which relief may be granted. However, the court will allow an Amended Complaint to be filed within 30 days, in which event the court will conduct another initial review. If an Amended Complaint is not filed within 30 days, this action will be dismissed.

IT IS THEREFORE ORDERED:

1. On the court's own motion, the court will give Plaintiff 30 days in which to file an Amended Complaint that states a claim upon which relief may be granted. Failure to file an Amended Complaint within 30 days will result in the court dismissing this case without further notice to Plaintiff.

2. The clerk of the court is directed to set the following pro se case management deadline: "May 20, 2020: check for amended complaint."

Dated this 20th day of April, 2020.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge